1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYMOND JUSTO KITILYA,                     No. 2:18-cv-1045-MCE-EFB P

12                   Plaintiff,

13            v.                                  ORDER

14    CALIFORNIA DEPARTMENT OF
      CORRECTIONS AND
15    REHABILITATION,

16                   Defendant.

17

18         Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42

19    U.S.C. § 1983, has filed an application to proceed in forma pauperis (ECF Nos. 2, 6).

20                          Application to Proceed In Forma Pauperis

21         Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1).

22    Accordingly, his request to proceed in forma pauperis is granted.   By separate order, the agency

23    having custody of plaintiff will be directed to forward payments from his account to the Clerk of

24    Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28

25    U.S.C. § 1915(b)(2).

26    /////

27    /////

28    /////

                                                   1

1    <u>Screening</u>

2    I.    <u>Legal Standards</u>

3    Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

4    allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

5    which relief may be granted, or seeks monetary relief against an immune defendant.

6    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

7    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

8    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

9    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

10   (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

11   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

12   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

13   relief above the speculative level on the assumption that all of the complaint's allegations are

14   true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

15   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

16   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

17   In reviewing a complaint under this standard, the court must accept as true the allegations

18   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

19   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

20   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must

21   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

22   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

23   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

24   grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

25   II.    <u>Analysis</u>

26   Plaintiff alleges that the California Department of Corrections and Rehabilitation

27   ("CDCR") violated his due process rights. ECF No. 1 at 3.  Specifically, he claims that the

28   CDCR violated Title 15 § 3086 by failing to properly respond to his grievances. *Id.* at 3-4.  His

2

1  claims are non-cognizable for two reasons.  First, it is well settled that a defendant's failure to

2  properly respond to an inmate's prison grievance does not give rise to a violation of due process.

3  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (a prisoner does not have a claim for

4  entitlement to a grievance procedure); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)

5  (finding a prisoner did not have a claim for a loss of liberty regarding the processing of his

6  grievances because inmates lack a separate constitutional entitlement to a specific grievance

7  procedure).  Second, the CDCR is not a viable defendant.  It is not a "person" within the meaning

8  of §1983 and may not be sued for damages under that provision.  *Will v. Michigan Dep't of State*

9  *Police*, 491 U.S. 58, 71 (1989); *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir.

10  1988).

11  <u>Leave to Amend</u>

12  Plaintiff will be given an opportunity to amend his complaint.  He is cautioned that any

13  amended complaint must identify as a defendant only persons who personally participated in a

14  substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743

15  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

16  act, participates in another's act or omits to perform an act he is legally required to do that causes

17  the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so

18  closely related to his federal allegations that "they form the same case or controversy."  *See* 28

19  U.S.C. § 1367(a).

20  The amended complaint must also contain a caption including the names of all defendants.

21  Fed. R. Civ. P. 10(a).

22  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

23  *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims

24  against more than one defendant.  *Id.*

25  Any amended complaint must be written or typed so that it so that it is complete in itself

26  without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended

27  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

28  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

3

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1.      Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.      Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.      Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4.      Failure to comply with any part of this this order may result in dismissal of this action.

DATED: May 9, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4